UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ACADIA INSURANCE COMPANY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 2:13-CV-00459-GZS |
| | ) | |
| LAKESHORE SAIL CHARTERS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF TRANSFER**

On November 19, 2014, the Court issued a Procedural Order requesting the parties to appear at oral argument on December 10, 2014 and to be prepared to explain why this Court should not transfer this case to the Northern District of Illinois. (See Procedural Order (ECF No. 20) at 1.) The Court also permitted the parties to submit supplemental briefing on this issue prior to oral argument. (See id.) Having reviewed the parties' submissions and considered the arguments presented to the Court on December 10, 2014, the Court hereby TRANSFERS this case to the Northern District of Illinois.

**I.  BACKGROUND**

    **A.  Factual Background**

The *S/V Halie & Matthew* is a 79' fiberglass hulled gaff-rigged schooner. (Compl. for Decl. J. (ECF No. 1) ¶ 4.) Defendant Lakeshore Sail Charters, LLC ("Lakeshore") is a limited liability company organized under the laws of and with its principal place of business in Illinois. (Id. ¶ 3.) Lakeshore acquired the *S/V Halie & Matthew* with plans to have the ship participate in various Tall Ships Festivals throughout the Great Lakes during the summer of 2013. (April 3,

2014 Compl. for Breach of Contract and Other Relief filed in the Northern District of Illinois, N.D. Ill. Docket # 1:14-cv-02410 (ECF No. 13-1) ("N.D. Ill. Compl.") ¶ 9.)

Plaintiff Acadia Insurance Company ("Acadia") is a New Hampshire corporation authorized to do business in Maine. (Def. Acadia Insurance Co.'s Answer and Affirmative Defenses and Countercl. filed Oct. 6, 2014 in the Northern District of Illinois, 1:14-cv-02410 (ECF No. 22-1) ("Acadia's Counterclaim") Countercl. ¶ 2.) On June 12, 2013, Acadia issued commercial hull policy, No. CHA5107176-10, with a policy period of June 12, 2013 to June 12, 2014 to Lakeshore for the *S/V Halie & Matthew*. (Compl. ¶ 7.) On June 29, 2013, the *S/V Halie & Matthews* was damaged in a storm while en-route from Maine to Chicago. (Compl. ¶ 12.) The parties dispute whether the insurance contract provided coverage for loss of earnings of the *S/V Halie & Matthew*.

### B. Litigation

Plaintiff Acadia commenced this action against Lakeshore on December 16, 2013. (Compl. For Declaratory J. (ECF No. 1).) Through the Complaint for Declaratory Judgment Acadia seeks a judgment "declaring that Acadia Policy No. CHA5107176-10 does not provide coverage for the claims being asserted by Lakeshore Sail Charters, LLC for the alleged loss of earnings of the *S/V Halie & Matthew*[.]" (Compl. at Page ID # 3.)

The Complaint was not served on Defendant Lakeshore Sail Charters, LLC until April 28, 2014. Between the time that Acadia filed the Complaint in this Court and the time that Acadia served the Complaint on Lakeshore – a time period spanning four months – Lakeshore filed a Complaint For Breach of Contract and Other Relief in the Northern District of Illinois on April 3, 2014. (ECF No. 13-1.)

On April 28, 2014, Acadia moved to dismiss, or in the alternative, to transfer venue to the District of Maine the case filed by Lakeshore in the Northern District of Illinois. (Def. Acadia Insurance Company's Mot. to Dismiss or, in the Alternative Transfer Venue (ECF No. 13-2).) On September 8, 2014, the Northern District of Illinois denied Acadia's motion to dismiss and declined to transfer the case to the District of Maine. (See Order (ECF No. 18-1) at 4-8.) On October 6, 2014, Acadia filed its Answer, Affirmative Defenses and Counterclaim in the Northern District of Illinois. (See Acadia Counterclaim (ECF No. 22-1).) For relief in its counterclaim, Acadia requests a judgment "declaring that Acadia Policy No. CHA5107176-10 does not provide coverage for the claims being asserted by Lakeshore Sail Charters, LLC for the alleged loss of earnings of the *S/V Halie & Matthew*[.]" (Id. at Page ID # 250.)

On June 2, 2014, Lakeshore moved to dismiss the Complaint for Declaratory Relief in this Court because this Court lacks personal jurisdiction over Lakeshore, venue is improper in this Court and on equitable grounds. (Def.'s Mot. to Dismiss Pl.'s Compl. (ECF no. 13) at 2-6.)

## II.  DISCUSSION

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Section 1406(a) similarly provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In addition, section 1631 states that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could

3

have been brought[.]" 28 U.S.C. § 1631. "It is well settled that a court may transfer a case *sua sponte* pursuant to 28 U.S.C. §§ 1404(a) and 1406(a)." Desmond v. Nynex Corp., 37 F.3d 1484, *3 (1st Cir. 1994); see also Halim v. Donovan, 951 F. Supp. 2d 201, 204 (D.D.C. 2013) (stating that a court may transfer a case sua sponte pursuant to 28 U.S.C. § 1631).

In deciding whether to transfer venue, the district court should consider the convenience of the parties and witnesses, the interest of justice, the availability of documents, the possibility of consolidation, and the order in which the district court obtained jurisdiction. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). In accordance with the District of Illinois's analysis, the convenience to the parties and witnesses and the availability of documents do not clearly dictate that Maine is the most convenient forum because it should not be overly burdensome for either party to litigate in either forum. The possibility of duplicative litigation, however, is relevant to the interest of justice and weighs in favor of transfer.

> Courts consider many things relevant to "the interest of justice." One frequently mentioned is the desire to avoid multiplicity of litigation resulting from a single transaction or event. In dictum, the Supreme Court hinted that great weight should be given to this efficiency consideration:
>
> "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers."
>
> Thus, many courts have transferred to a forum in which other actions arising from the same transaction or event, or which were otherwise related, were pending.

15 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3854 (4th ed. 2013) (quoting Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960)). In this case, the issues to be decided by this court are virtually indistinguishable from the issues to be decided by the Northern District of Illinois. In addition, the Northern District of Illinois has declined to transfer

4

the case in that court to the District of Maine. Accordingly, if this Court does not transfer the case to the Northern District of Illinois, two cases litigating identical issues will occur simultaneously, wasting the parties' and the judiciary's resources.

The First Circuit has stated that "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). In examining the first-to-file rule, the Northern District of Illinois declined to place weight on Acadia's first-filed declaratory judgment action in the District of Maine because the court found that "Lakeshore was attempting to settle its insurance claim when Acadia filed the declaratory judgment action." (Order (ECF No. 18-1) at 5.) Further, the court noted that Acadia sought only a declaratory judgment action while Lakeshore's action in the Northern District of Illinois seeks damages for a breach of contract. Id. This Court has refused to follow the first-to-file rule where the first lawsuit was the product of a preemptive race to the courthouse. See Angela Adams Licensing, LLC v. Dynamic Rugs, Inc., 463 F. Supp. 2d 82, 86 (D. Me. 2006) (stating that "I do not see what is gained by giving an advantage to the party that beats the other party to the federal courthouse by one day, after being alerted that the other party is about to sue."). In this case, Acadia filed a declaratory judgment action and waited four months, until after Lakeshore filed the action in the Northern District of Illinois, to serve Lakeshore. Although it is disputed, Acadia's actions appear to reflect some amount of gamesmanship.

Considering the convenience of the parties and witnesses, the interest of justice, the availability of documents, the possibility of consolidation, and the order in which the district court obtained jurisdiction and the Northern District of Illinois's detailed analysis of the transfer factors

before declining to transfer that case to the District of Maine, the Court finds that this case should be TRANSFERRED to the Northern District of Illinois.[1]

## III. CONCLUSION

For the foregoing reasons, this case is TRANSFERRED to the Northern District of Illinois. In light of the transfer, the Motion to Dismiss filed by Defendant Lakeshore Sail Charters, LLC (ECF No. 13) is deemed MOOT.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 10th day of December, 2014.

---

[1] Without deciding the issue, the Court notes that even if the Court lacked personal jurisdiction over Defendant, the Court could properly transfer the case. See Cimon v. Gaffney, 401 F.3d 1, 7 n.21 (1st Cir. 2005) (noting the dispute over whether section 1631 permits transfer only where a court lacks subject matter jurisdiction or also whether a court may transfer where it lacks personal jurisdiction and stating that "we are inclined to read § 1631 as allowing for transfers where a federal court lacks any type of jurisdiction (including personal jurisdiction)" but declining to definitively decide the issue); Henderson v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n Inc., No. 2:11-CV-86-DBH, 2011 WL 2194439, at *2 n.2 (D. Me. June 6, 2011) (noting that a court may transfer venue where it lacks personal jurisdiction and declining to delineate whether the transfer was pursuant to section 1404(a), 1406(a) or 1631 where the parties did not press the distinction). Accordingly, because the Court need not determine whether it has personal jurisdiction in order to transfer the case, it will not decide the issue.